Timothy J. Lamb
DELANEY WILES, INC.
1007 West 3rd Avenue, Ste. 300
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331
tjl@delaneywiles.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

Triumvirate, LLC dba Tordrillo  )
Mountain Lodge,                 )
                                )
            Petitioner,         )
                                )
v.                              )
                                )
David Horvath, And Tracey       )
Knutson In Her Official Capacity)
As Mr. Horvath's Attorney Of    )
Record,                         )
                                )
            Respondents.        )
_____)  Case No. 3:22-cv-_____

## MOTION TO RESERVE SETTLEMENT FUNDS AND MEMORANDUM IN SUPPORT

Petitioner Triumvirate, LLC dba Tordrillo Mountain Lodge, through counsel, Delaney Wiles, Inc., hereby moves for an order requiring Tracey Knutson, counsel for respondent David Horvath to reserve distribution of a portion of the settlement proceeds that he has received from Soloy Helicopters, LLC, for David Horvath, while his remaining claims his counsel, Ms. Knutson has claimed against Petitioner are pending. For the reasons set forth below, the Court should require a deposit of One Hundred Seventy-Five Thousand Dollars ($175,000.00) of the settlement amount, into the Court's registry. A motion for expedited consideration is being filed simultaneous with this motion to prevent any

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath,* Case No. 3:22-cv-_____
Page 1 of 8

Case 3:22-cv-00061-JWS   Document 1   Filed 03/16/22   Page 1 of 8

distribution of settlement proceeds until this motion is resolved. Because this motion concerns a confidential settlement, which is attached as an exhibit, a motion to file this motion under seal is also being filed herewith.

## FACTS

Petitioner Triumvirate, LLC, is an Alaska limited liability company that owns and operates Tordrillo Mountain Lodge ("TML") near Anchorage, Alaska. TML provides multi-sport activities, including heliskiing and snowboarding (hereafter heliskiing). Respondent David Horvath is a citizen of the Czechoslovakian Republic. This court has jurisdiction pursuant to 28 USC § 1332 because there is complete diversity between the parties.

TML contracts with Soloy Helicopters, LLC ("Soloy") to provide helicopters and pilots for guided heliskiing. Mr. Horvath was helicopter skiing on March 27, 2021 above the Knik Glacier in Palmer, Alaska, when the Soloy helicopter transporting him and other guests/guides was involved in an accident. Mr. Horvath retained Alaska attorney, Tracey Knutson, to assert prelitigation claims and demands against TML and Soloy, even though Mr. Horvath signed an express release of liability and waiver of potential claims in order to participate in the heliskiing activity.[1] Although his exact injuries are unknown, his counsel Ms. Knutson has represented that the injuries include, among other things, frostbite to his non-dominant hand that resulted in partial amputation of one or more fingers.

In addition to the physical injuries described above, Mr. Horvath's counsel has

---

[1] Exh. ___, Release of all potential claims, including negligence claims against TML (and others).

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-___   Page 2 of 8

represented that he suffered extreme emotional distress during the time after the crash and before rescue personnel arrived. Attorney Knutson has represented Mr. Horvath is seeking damages for injuries caused by an alleged delay by TML in initiating rescue efforts after the crash occurred.

A confidential, prelitigation settlement was recently entered into between Mr. Horvath and the liability insurer for Soloy.[2] During negotiations between Ms. Knutson on behalf of Mr. Horvath, and Seattle attorney Caryn Jorgensen for Soloy, and New York attorney Andrew Houghton for Soloy's insurer, it was stated to the undersigned counsel for TML that Ms. Knutson refused to provide a release from Mr. Horvath that would completely release any and all claims against TML. Instead, Ms. Knutson specifically required counsel for Soloy and counsel for Soloy's insurer to limit the release as to TML, to only release claims described as "TML's selection, chartering, use, operation, rental, service, maintenance, or entrustment to others of the Helicopter," and specifically preserving a claim against TML for "any claim for injuries allegedly caused by delay in initiating rescue efforts regardless of the cause of such delay."[3]

Undersigned counsel Tim Lamb was retained by the owners of TML following the accident and is litigation counsel for all threatened and/or filed lawsuits. In spite of repeated requests both by Mr. Lamb, and also by TML's long time corporate counsel, Mike Grisham of Dorsey & Whitney, LLP, specifically requesting the helicopter proceeds not be paid

---

[2] Exh. A, Confidential Settlement Agreement, Receipt, And Release of Specified Claims.
[3] See the signed Release, Exhibit A, filed under seal with this Motion, page 1, paragraphs 1(a)( and 1(b), top page 2.

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____   Page 3 of 8

without a complete release of all claims against **both** Soloy and TML, Soloy's counsel (and counsel for its insurer) claimed Ms. Knutson on behalf of Mr. Horvath refused to release TML from any claim for injuries caused by an alleged delay by TML (and its employees, etc.) in notifying authorities of loss of communication with Mr. Horvath's guides on the helicopter and possible need for rescue earlier than the notification occurred.

From the repeated refusal, and the fact that in spite of TML being a "named insured" on the Soloy insurance policy, according to Soloy's counsel and its insurer are about to pay (or the settlement check may be exchanging hands today or tomorrow) for the Soloy policy limits in the form of a lump sum check payable to Ms. Knutson and/or her law firm in trust for Mr. Horvath. As of last Friday afternoon (March 11, 2022), Mr. Lamb was informed the settlement check had not yet been exchanged.

From an email on Friday, March 11, 2022, from Andrew Houghton, counsel for National Insurance – the insurer for Soloy to Mr. Lamb, it is apparent that as soon as the original release from the Czech Republic signed by Mr. Horvath is received in Anchorage, (or possibly by counsel for Soloy in Seattle), the settlement check for Mr. Horvath's claim will be released to Ms. Knutson (and most likely placed in her trust account pending clearance, then transfer of part of the funds to the Czech Republic).

As of the filing of this motion, Mr. Horvath vis-à-vis Ms. Knutson has not agreed to a complete settlement and dismissal of TML from any claim for alleged injuries caused by an alleged delay in notifying authorities. Further, upon information and belief, even after receipt of the Soloy insurers settlement proceeds, she will continue to threaten filing suit against TML or will actually file that suit.

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____                                Page 4 of 8
Case 3:22-cv-00061-JWS   Document 1   Filed 03/16/22   Page 4 of 8

## ARGUMENT

The issue of whether settlement funds should be reserved to ensure payment of attorney's fees and costs in Alaska was addressed by the Alaska Supreme Court in *In re Soldotna Air Crash Litigation*, 835 P.2d 1215 (Alaska 1992). There, a group of plaintiffs settled seven wrongful death claims against two defendants. The seven plaintiffs went to trial against the one non-settling defendant, SouthCentral. The jury rendered a defense verdict, and costs and attorney's fees were awarded in favor of SouthCentral. SouthCentral had "made efforts to assure that the monies plaintiffs had received by settling with the other defendants would be available to satisfy the final judgment for costs and attorney's fees that SouthCentral, as a prevailing party, expected to receive." *Id.* at 1218. The trial court did not grant the requested relief. As a result, when SouthCentral attempted to enforce its judgment, the settlement monies had already been disbursed and apparently were not available to satisfy the judgment. *Id.* at 1220 n.6.

The Alaska Supreme Court held that "the trial court should have reserved some part of the plaintiffs' initial recovery" so that the future judgment for costs and fees could have been satisfied by those funds. *Id.* at 1223. The court held the "trial court erred . . . by approving the distribution of proceeds without providing for payment of costs including court awarded costs and attorney's fees as required by [AS 09.55.580(a)]." *Id.* In *Soldotna*, the plaintiffs recovered against two of the three defendants named in the suit. *Id.* at 1223 n.11. "Thus, a fund from which costs might be paid to the prevailing defendant was created." *Id.*

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____          Page **5** of **8**

Similarly, in *Doan v. Banner Health*, 485 P.3d 537 (Alaska 2021), the supreme court affirmed the trial court's reservation of settlement funds for non-settling defendants' potential attorney's fees under Alaska Civil Rule 82 and costs under Alaska Civil Rule 79. Relying on Soldotna Air, the Court reasoned in part: "It is consistent with public policy to reserve settlement funds until all parties' rights and obligations are determined – otherwise our protective stance toward wrongful death plaintiffs would prevent prevailing defendants from vindicating their legal rights." *Id.* at 543.

The procedure recommended by the Alaska Supreme Court should be applied here. TML requests the Court enter an order requiring a deposit of One Hundred Seventy-Five Thousand Dollars ($175,000.00) of the settlement proceeds with the clerk of court as a reserve against any future monetary judgment entered against Mr. Horvath and in favor of TML. This is a reasonable request.[4] This is a highly defensible case because Mr. Horvath signed a release of liability (before the heliskiing activity). However, if TML prevails (whether on summary judgment or at trial), it will be exceptionally difficult to execute on a judgment against Mr. Horvath unless settlement funds are reserved.

The process of enforcing a foreign judgment in the Czech Republic appears to be quite unpredictable as it depends on the domestic law of the foreign country, principles of comity, reciprocity and res judicata.[5] There is no bilateral treaty or multilateral convention

---

[4] *See* Exhibit B, a recent Final Judgment for $132,691.20 in costs/fees entered against a Plaintiff who lost a jury trial against Mr. Lamb's client in 2018 is attached to illustrate the amount requested to be reserved is not unreasonable.

[5] *See* Exhibit C, U.S. Dept. of State – Bureau of Consular Affairs, Enforcement of Judgments, *available at* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Enforcement-of-Judges.html.

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____ Page **6** of **8**

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

between the United States and any other country on reciprocal recognition and enforcement of judgments.[6] As a consequence, absent a treaty, whether courts of a foreign country would enforce a judgment issued by a court in the United States depends upon the internal laws of the foreign country and international comity.[7] **The Czech Republic does not have reciprocal arrangements for enforcement of judgments with the United States.**[8] Counsel was unable to locate any reciprocal arrangements for enforcement of judgments between the United States and the Czech Republic, and given then aforementioned facts, Counsel has reason to believe that an attempt to enforce a United States judgment in the Czech Republic would be unsuccessful. Based on the foregoing, due to Mr. Horvath's domicile and residency in the Czech Republic, an Eastern European Nation, once the funds are "cleared" in Ms. Knutson's trust account and the funds are transferred to Mr. Horvath in the Czech Republic, it will be beyond the reach of Alaska Courts to use as funds to pay any judgment in TML's favor for attorney's costs and fee following either summary judgment based upon the release and waiver of all potential claims signed by Mr. Horvath or following a jury trial.

## CONCLUSION

Being subject to Alaska Civil Rules 79 and 82 is a benefit (to the prevailing party) and a burden (to the losing party) of litigating in Alaska. It would be patently unfair and against public policy to allow Mr. Horvath to avail himself of the benefits of litigating in

---

[6] *Id.*
[7] *Id.*
[8] Exh. D, Cross-Border Enforcement Center re Czech Republic, *available at* https://resourcehub.bakermckenzie.com/en/resources/cross-border-enforcement-center/emea/czech-republic/topics/judgments.

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____ Page 7 of 8

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Alaska without being subject to any of the burdens. Petitioner respectfully requests the Court grant this motion to ensure that funds are available in the event that TML is considered a prevailing party, which is consistent with Alaska law.

DATED this 1st day of March, 2022 at Anchorage, Alaska.

DELANEY WILES, INC.
Attorneys for Petitioners

*Tim Lamb*

Timothy J. Lamb
Alaska Bar Association No. 8409080

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of the foregoing was ☐ mailed ☐ hand-delivered ☐ faxed ☑ emailed on the 16 day of March 2022 to the following:

Tracey Knutson (tracey.knutsonlaw@alaska.net)
Knutson & Associates
PO Box 3504
Homer, Alaska 99603

Angela R. Bell
4879-6290-5622, v. 1

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Motion to Reserve Settlement Funds and Memorandum in Support**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____  Page **8** of **8**