# EXHIBIT A

# FILED UNDER SEAL



# CONFIDENTIAL SETTLEMENT AGREEMENT, RECEIPT, AND RELEASE OF SPECIFIED CLAIMS
## (the "Confidential Release")
### *Triumvirate LLC and Soloy Helicopters, LLC*
### *Knik Glacier Accident March 27, 2021*
### *David Horvath*

1. FOR AND IN CONSIDERATION OF the total sum of One Million, One Hundred Two Thousand Five Hundred Dollars and No Cents ($1,102,500.00) (the "Confidential Settlement Amount"), David Horvath, and any person or entity claiming by, through, or under him (collectively, "Releasor"), hereby:

    a. releases, acquits, and forever discharges Soloy Helicopters, LLC, and the Estate of Zachary Russell, and their respective or related entities, subsidiaries, affiliates, successors, parent corporations, predecessors, officers, agents, employees, servants, representatives, heirs, attorneys, insurers, reinsurers, underwriters, as well as all other persons, firms, corporations subsidiary to and/or in privity with them, including, but not limited to, all and each of them (collectively, the "Soloy Releasees"), of and from any and all past, present or future actions, causes of action, controversies, claims or demands of every kind and nature, injuries, pain and suffering, anguish, distress or post-traumatic stress, disabilities, disfigurement, loss of consortium, loss of services, lost earnings or loss of earning capacity, losses, fees, interest, costs, expenses, attorneys' fees, compensation, or damages of any kind whatsoever whether incurred in the past, at present, or in the future, based upon, on account of, arising out of, or in any way resulting from the helicopter accident, including its aftermath, that occurred on or about March 27, 2021 near Knik Glacier (the "Accident") in which David Horvath was injured, including but not limited to claims for bodily injury arising out of the ownership, maintenance or use of helicopter N351SH (the "Helicopter), and any claim for injuries allegedly caused by delay in initiating rescue efforts regardless of the cause of such delay (collectively, the "Soloy Claims"); and also

    b. releases, acquits, and forever discharges Triumvirate LLC, and its related entities, subsidiaries, affiliates, successors, parent corporations, predecessors, officers, agents, employees, servants, representatives, attorneys, insurers, reinsurers, underwriters, as well as all other persons, firms, corporations subsidiary to and/or in privity with them, including, but not limited to, all and each of them (collectively, "TML Releasees"), of and from any and all past, present or future actions, causes of action, controversies, claims or demands of every kind and nature, injuries, pain and suffering, anguish, distress or post-traumatic stress, disabilities, disfigurement, loss of consortium, loss of services, lost earnings or loss of earning capacity, losses, fees, interest, costs, expenses, attorneys' fees, compensation, or damages of any kind whatsoever whether incurred in the past, at present, or in the future, based upon, on account of, arising out of, or in any way resulting

**CONFIDENTIAL RELEASE OF SPECIFIED CLAIMS**
*David Horvath*
*Knik Glacier Accident March 27, 2021*
Page 1 of 7

EXHIBIT A
1 OF 7

Case 3:22-cv-00061-JWS   Document 3-1   Filed 03/16/22   Page 2 of 8

Filed Under Seal

from the Soloy Releasees' operations, the ownership, maintenance or use of the Helicopter on March 27, 2021, or TML's selection, chartering, use, operation, rental, service, maintenance, or entrustment to others of the Helicopter (the "Helicopter Operation Claims").

Where and when referred to collectively, the otherwise separate Soloy Releasees and TML Releasees shall be referred to as "the Collective Releasees."

2. The Confidential Settlement Amount shall be payable to David Horvath within forty-five (45) calendar days after the Collective Releasees receive an executed copy of this Confidential Release, as set forth in Paragraph 18 below, *via* email or facsimile machine and a W-9 form, if applicable, and payment instructions for payment of the Confidential Settlement Amount are provided to Soloy Releasees' insurers and provided that two original executed sets of this Confidential Release have been be delivered to Soloy Releasees' insurer.

3. Releasor agrees and acknowledges Releasor's intent that this Confidential Release is to forever and irrevocably waive and release any and all claims and potential claims against the Soloy Releasees arising from or relating to the Accident and any injuries sustained following the Accident and its aftermath; and any and all claims against the TML Releasees arising from or relating to the Soloy Releasees' operations, the ownership, maintenance or use of the Helicopter, or TML's selection, chartering, use, operation, rental, service, maintenance, or entrustment to others of the Helicopter. Releasor agrees that the Confidential Settlement Amount includes any right, claim, or demand for interest, costs, or attorneys' fees in regard to the released Soloy Claims and Helicopter Operation Claims and Releasor agrees not to make a claim or demand for interest on the Confidential Settlement Amount or for attorneys' fees or costs.

Releasor understands and agrees that the execution of this Confidential Release prohibits Releasor and Releasor's heirs, assigns, beneficiaries, attorneys, agents, and representatives from asserting any claim at any time against the Soloy Releasees for injuries, damages, or compensation in any way connected with or arising out of the Accident, including but not limited to any as-yet-unknown injuries, damages or claims, and any injuries sustained following the Accident and its aftermath. Releasor understands and agrees that the execution of this Confidential Release prohibits Releasor and Releasor's heirs, assigns, beneficiaries, attorneys, agents, and representatives from asserting any claim at any time against the TML Releasees for injuries, damages, or compensation in any way connected with the Helicopter Operation Claims, including any as-yet-unknown injuries, damages, or claims.

4. Releasor represents and warrants that Releasor is a citizen of the Czech Republic, is not currently and has never been Medicare eligible and/or enrolled. Releasor further warrants that he was not Medicare eligible or enrolled on the date of the Accident. Releasor represents and warrants that the information Releasor has provided to the Collective Releasees regarding Releasor's Medicare status, his citizenship, and his name, date of birth, gender, and Social Security Number, if any, are accurate, complete, and current, and shall be updated as necessary. Releasor

CONFIDENTIAL RELEASE OF SPECIFIED CLAIMS
*David Horvath*
*Knik Glacier Accident March 27, 2021*
Page 2 of 7

EXHIBIT A
2 OF 7

Case 3:22-cv-00061-JWS   Document 3-1   Filed 03/16/22   Page 3 of 8 Filed Under Seal

agrees to promptly provide the Collective Releasees with any and all information necessary to confirm Releasor's Medicare status and meet Releasees' insurers' mandatory reporting obligations under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b)(8). Releasor agrees that all representations and warranties made herein shall survive settlement.

5. In the event of a breach of the representations and warranties made by Releasor with respect to Releasor's Medicare enrollment status and/or provision of other information identified above, or in the event of any mistake of law or mistake of fact on the part of Releasor, Releasor agrees that it shall be Releasor's sole responsibility, and not the responsibility of Releasees, collectively or separately, to reimburse Centers for Medicare and Medicaid Services for any conditional payments arising from or relating to the Accident or Soloy Claims or Helicopter Operator Claims, any penalties imposed on either or both of the Collective Releasees for failure to report this Confidential Release under Section 111 of MMSEA, and any attorneys' fees, costs, or other amounts incurred by either or both of the Collective Releasees in connection with or arising from Releasor's breach. Releasor further agrees to indemnify the Collective Releasees against any conditional payment liability imposed by the Medicare Secondary Payer statute and MMSEA.

6. Releasor agrees that, vis-à-vis the Soloy Releasees, Releasor will be and is solely responsible for paying all sums of money owing or to be owed to any third party, including, but not limited to medical bills, Medicaid liens, demands for repayment of Medicare conditional payments, if any, and attorney fees and costs, incurred as a result of the Soloy Claims. Releasor further understands and agrees that the Soloy Releasees do not assume any liability for medical bills, hospital bills, or liens incurred by Releasor, and Releasor further agrees to pay and discharge all medical, and hospital liens or amounts paid, and all insurance subrogation claims or liens, outstanding or to be incurred as a result of or associated or related in any way to the Soloy Claims. Releasor further agrees to indemnify, defend, and hold harmless the Soloy Releasees against any and all liabilities of whatever nature, including but not limited to claims for medical expenses, reimbursement of Medicare conditional payments, and Medicaid liens, if any, arising from or relating to the Soloy Claims. This indemnity includes paying any associated costs, penalties, attorneys' fees, or litigation costs the Soloy Releasees may incur in connection with such claims or demands.

7. Releasor agrees that, vis-à-vis the TML Releasees, Releasor will be and is solely responsible for paying all sums of money owing or to be owed to any third party, including, but not limited to medical bills, Medicaid liens, demands for repayment of Medicare conditional payments, if any, and attorney fees and costs associated or related in any way to the Helicopter Operation Claims. Releasor further understands and agrees that the TML Releasees do not assume any liability for medical bills, hospital bills, or liens incurred by Releasor, and Releasor further agrees to pay and discharge all medical, and hospital liens or amounts paid, and all insurance subrogation claims or liens, outstanding or to be incurred associated or related in any way to the Helicopter Operation Claims as more fully described at ¶ 1 a-b, above.

CONFIDENTIAL RELEASE OF SPECIFIED CLAIMS
*David Horvath*
*Knik Glacier Accident March 27, 2021*
Page 3 of 7

EXHIBIT A
3 OF 7

Case 3:22-cv-00061-JWS    Document 3-1    Filed 03/16/22    Page 4 of 8    Filed Under Seal

8. Releasor acknowledges he has been advised of, and is familiar with, the decisions of the Alaska Supreme Court regarding settlement and release, including *Witt v. Watkins*, 579 P.2d 1065 (Alaska 1978); *Alaska Airlines v. Sweat*, 568 P.2d 916 (Alaska 1977); and *Young v. State of Alaska*, 455 P.2d 889 (Alaska 1969). It is the intention of Releasor, and it is the purpose of this Confidential Release, to discharge finally and absolutely the liability of the Soloy Releasees for the Soloy Claims, and the TML Releasees for the Helicopter Operation Claims. Releasor specifically releases any right he may now or hereafter have to reform, rescind, modify or set aside this Confidential Release, through mutual or unilateral mistake or otherwise. The risk of such uncertainty and mistake is expressly and specifically assumed by Releasor as part of the consideration exchanged and in consideration of this being a full and final settlement.

9. Releasor acknowledges and hereby assumes all risk that he may have incurred injuries or damages which are neither known nor anticipated by Releasor as of this date, and that known damages may become permanent, progressive or more extensive than is now known or anticipated. Releasor understands that he may have suffered injuries or damages that are unknown at present and that complications associated with Releasor's injuries or damages may arise in the future.

    a. Releasor acknowledges that the Consideration described herein and given in exchange for this Confidential Release is intended to and does release and discharge all Soloy Claims by or through Releasor against the Soloy Releasees in regard to any such unknown or future complications, injuries, damages, or physical conditions. Releasor assumes the above-mentioned risks and expressly agrees that this Confidential Release shall apply to all unknown or unanticipated results of the Accident as well as those known and anticipated.

    b. Releasor acknowledges that the Consideration described herein and given in exchange for this Confidential Release is intended to and does release and discharge all Helicopter Operation Claims, by or through Releasor against the TML Releasees in regard to any such unknown or future complications, injuries, damages, or physical conditions associated or related in any way to the Helicopter Operation Claims.

10. Releasor represents and warrants that Releasor has the exclusive right and sole authority to settle this matter, to execute this Confidential Release, to release all Soloy Claims and all Helicopter Operation Claims, including any claims by minor children, if any, other family members, or other persons for loss of consortium or support, regardless of whether such persons are named in this Confidential Release, and to receive the Confidential Settlement Amount. Releasor further represents and warrants that no portion of any Soloy Claim or Helicopter Operation Claims, demand, debt, liability, damage, or cause of action or any portion of any recovery or settlement to which Releasor may be entitled from the Collective Releasees, has been assigned or transferred to any other person or entity.

**CONFIDENTIAL RELEASE OF SPECIFIED CLAIMS**
*David Horvath*
*Knik Glacier Accident March 27, 2021*
Page 4 of 7

EXHIBIT A
4 OF 7

Case 3:22-cv-00061-JWS   Document 3-1   Filed 03/16/22   Page 5 of 8   Filed Under Seal

11. Releasor agrees that, as a material term of this Confidential Release, and in exchange for the Consideration recited above, Releasor and Releasor's attorneys shall keep confidential the terms of this Confidential Release. Neither Releasor nor Releasor's attorneys shall disclose the terms of this Confidential Release or the Confidential Settlement Amount except as required by law, or to Releasor's financial, legal or tax advisors, and as may be required to any taxing authority provided, however, that Releasor's financial, legal or tax advisors agree to keep the terms and conditions of this Confidential Release confidential. Releasor acknowledges and agrees that the Collective Releasees shall be allowed to disclose that a settlement occurred and amount thereof to any of their related companies for legal, tax, accounting, or other business-related purposes or to their insurers, or as otherwise may be required by law, and only to the extent required.

12. Releasor acknowledges that this Confidential Release is entered into solely in consideration of the Confidential Settlement Amount recited above, and without reliance on any statement or representation by the Releasees, collectively or separately, their attorneys, insurers, representatives, or agents, and that Releasor has signed the same as Releasor's own free act. Releasor further understands and agrees that this Confidential Release is a compromise and settlement of disputed claims and in no way constitutes an admission by either or both of the Collective Releasees of any fault, liability, guilt, wrongdoing, or causation in connection with the Soloy Claims and the Helicopter Operations Claims; nor shall any provision of this Confidential Release be construed as evidencing or indicating, to any degree, an admission of the truth, correctness or validity of any allegation or assertion made by Releasor or opinion offered by Releasor and/or against the Soloy Releasees and/or TML Releasees in connection with any dispute or controversy between or among any of them in connection with the Soloy Claims and/or the Helicopter Operations Claims.

13. Notwithstanding any other provision of this Confidential Release, Releasor, the Soloy Releasees and the TML Releasees may each use confidential information for purposes of complying with reporting and reimbursement obligations under the Medicare Secondary Payer statute and Section 111 of MMSEA or for addressing any allegation or claim asserting any reporting violations, penalties, or reimbursement liabilities under the Medicare Secondary Payer statute, and may disclose confidential information to the Department of Health and Human Services and the Centers for Medicare & Medicaid Services, and their representatives and contractors, for such purposes.

14. Releasor agrees to cooperate and to instruct Releasor's attorneys to cooperate with each of the Collective Releasees in establishing the reasonableness of this settlement in a court of law if and when necessary. Releasor agrees and instructs Releasor's attorneys to forgo any and all Soloy Claims against the Soloy Releasees and any and all Helicopter Operation Claims against the TML Releasees, and expressly agrees that Releasor shall not file or institute any action, lawsuit, or claim in any court or jurisdiction against the Soloy Releasees in relation to the Soloy Claims and against the TML Releasees in relation to the Helicopter Operation Claims.

CONFIDENTIAL RELEASE OF SPECIFIED CLAIMS
*David Horvath*
***Knik Glacier Accident March 27, 2021***
Page 5 of 7

EXHIBIT A
5 OF 7

Case 3:22-cv-00061-JWS   Document 3-1   Filed 03/16/22   Page 6 of 8   Filed Under Seal

15. Releasor agrees that this Confidential Release shall be construed and governed by the laws of the State of Alaska. Releasor further agrees to submit to the jurisdiction of the Third Judicial District at Anchorage, Superior Court for the State of Alaska with respect to any disputes, controversies, or causes of action arising out of this Confidential Release and the settlement it effectuates. Releasor also further agrees to exclusively submit any disputes, controversies, or causes of action arising out of this Confidential Release and the settlement it effectuates to the Third Judicial District at Anchorage, Superior Court for the State of Alaska. In the event that any action is commenced to enforce or interpret the terms of this Confidential Release, or any portion thereof, the prevailing party shall be entitled to recover attorneys' fees in such amount as shall be determined to be reasonable by the court.

16. Releasor has been advised by counsel of Releasor's choosing before signing this Confidential Release and has relied upon the advice of such counsel with respect to all aspects of this Confidential Release, including but not limited to the Releasor's obligations, if any, to reimburse Medicare for conditional payments, to resolve any and all claims for medical expenses as required by the terms of this Confidential Release, and concerning the legal and tax consequences of this Confidential Release. Releasor understands and agrees that no mistake of law or mistake of fact made by any person or entity, including but not limited to any mistake with respect to any obligation to reimburse Medicare, or any lien holder shall constitute a basis for rescission or reformation or render any portion of this Confidential Release (including but not limited to the release provisions of this Confidential Release) void or voidable.

17. Releasor represents and warrants that he has been provided a copy of this Confidential Release in both English and Czech, and that the Czech translation shall be attached to this Confidential Release as Exhibit A. Releasor understands and agrees that the English version of the Confidential Release shall control and that any errors in the translation of the Confidential Release into Czech shall not alter the terms of this Confidential Release. Releasor acknowledges, warrants, and confirms that he has read the Confidential Release carefully and completely.

18. The signature of Mr. Horvath, on behalf of himself, shall be notarized in accordance with the 1961 Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents (the Hague Convention) by affixing an apostille which certifies: (1) the authenticity of the signature on the notarial certificate or public document; (2) the capacity in which the person (the notary or public official) signing the document acted; and (3) the identity of any stamp or seal affixed to the document.

19. Releasor agrees to defend, indemnify, and hold harmless the Collective Releasees for and from any and all claims and damages arising out of Releasor's breach of any warranty or representation set forth in this Confidential Release.

[SIGNATURE ON NEXT PAGE]

CONFIDENTIAL RELEASE OF SPECIFIED CLAIMS
David Horvath
Knik Glacier Accident March 27, 2021
Page 6 of 7

EXHIBIT A
6 OF 7

Case 3:22-cv-00061-JWS   Document 3-1   Filed 03/16/22   Page 7 of 8   Filed Under Seal

( WITNESS WHEREOF, David Horvath, sets his hand on the date(s) indicated.

Dated at Turnov, Czech Republic this 15 day of February, 2022.

_____
David Horvath

SUBSCRIBED AND SWORN TO before me this ____ day of February, 2022 at Turnov, Czech Republic.

_____
Notary Public in and for the Czech Republic

My Commission Expires:_____

**Ověření - legalizace**

Ověřuji, že pod pořadovým číslem 18CU1MH tuto listinu přede mnou vlastnoručně podepsala níže uvedená osoba, jejíž totožnost byla prokázána:
David Horváth, nar. 25.09.1972, Kvítkovice 9, 51101 Mírová pod Kozákovem - Kvítkovice.
Turnov, dne 15.02.2022

Approved as to form and content:

2.11.2022
Date

_____
Tracey Knutson
Claimant's Attorney

4872-8372-7117, v. 2

**CONFIDENTIAL RELEASE OF SPECIFIED CLAIMS**
*David Horvath*
*Knik Glacier Accident March 27, 2021*
Page 7 of 7

EXHIBIT A
7 OF 7