Timothy J. Lamb
DELANEY WILES, INC.
1007 West 3rd Avenue, Ste. 300
Anchorage, AK 99501
Phone: (907) 279-3581
Fax: (907) 277-1331
tjl@delaneywiles.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Triumvirate, LLC dba Tordrillo Mountain Lodge,<br><br>    Petitioner,<br><br>v.<br><br>David Horvath, And Tracey Knutson In Her Official Capacity As Mr. Horvath's Attorney Of Record,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:22-cv-_____ |

## DECLARATION OF TIMOTHY J. LAMB

1. I am a resident of Alaska, licensed to practice law in the State of Alaska.

2. I have personal knowledge of the matters attested to herein.

3. I represent Triumvirate, LLC dba Tordrillo Mountain Lodge (hereafter TML).

4. A citizen of the Czechoslovakian Republic, David Horvath, was a passenger on a Soloy Helicopters LLC (Soloy) helicopter above the Knik Glacier in Palmer, Alaska attempting to access snowboarding terrain on March 27, 2021 when the helicopter he was a passenger in was involved in an accident.

**Declaration of Timothy J. Lamb**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____    Page **1** of **5**
Case 3:22-cv-00061-JWS   Document 5   Filed 03/16/22   Page 1 of 5

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

5. As a result of the accident all passengers (including the pilot) died except Mr. Horvath before rescue personnel arrived. Mr. Horvath was injured, the exact injuries are unknown but have been represented by his Alaska attorney, Tracey Knutson, to include among other things frostbite to a hand that resulted in partial amputation of one or more fingers.

6. In addition to the physical injuries described above, Ms. Knutson, Mr. Horvath's counsel, has represented he suffered emotional distress, during the time that passed after the crash and before rescue personnel reached the accident site.

7. A confidential settlement has been entered into between Mr. Horvath and an insurer for the helicopter operations company (Soloy Helicopters, LLC). The specific amount of the settlement is in an attached sealed confidential document filed as Exhibit A to the underlying Motion to Reserve Settlement Proceeds.

8. I was informed that during negotiations between Ms. Knutson on behalf of Mr. Horvath, and Caryn Jorgensen, counsel for Soloy (along with Andrew Houghton – New York counsel for National Union Insurance, the insurer providing insurance coverage for Soloy for the accident), that Ms. Knutson refused to provide a release signed by Mr. Horvath that would completely release any and all of Mr. Horvath's claims against both Soloy and TML. I was informed Ms. Knutson specifically required counsel for Soloy and counsel for Soloy's insurer to limit the release as to TML, such that the release only releases TML for "helicopter operations", as described below in Paragraph 9. Ms. Knutson did that to specifically reserve the right to sue/file a legal claim against TML for actions/alleged damages after the helicopter came to a stop following the crash,

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Declaration of Timothy J. Lamb**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____  Page 2 of 5

with some of the passengers inside and some of the passengers outside the helicopter.

        9.     In spite of repeated requests by me, as TML's retained litigation counsel for potential and actual legal claims, and also requests by TML's long time corporate counsel, Mike Grisham of Dorsey & Whitney, LLP, asking that Soloy's insurer, National Union Insurance policy proceeds not be paid to Mr. Horvath without a complete release of all claims against both Soloy and TML being signed in exchange for payment, Soloy's counsel said they were unable to obtain a complete release of claims against TML, claiming attorney Ms. Knutson (on behalf of Mr. Horvath) refused to release any claims or potential claims against TML for anything other than "helicopter operations" which Ms. Knutson described in the release she proposed as [… [B]ased upon, on account of, arising out of, or in any way resulting from the Soloy's Releasee's operations, the ownership, maintenance or use of the Helicopter on March 27, 2027, or TML's selection, chartering, use, operation, rental, service, maintenance, or entrustment to others of the Helicopter (the "**Helicopter Operation Claims**")].[1] Note: that language is not a complete release of all claims against TML, it specifically limits the scope of the release, to "Helicopter Operations Claims".

        10.    In spite of TML being a "named insured" on the Soloy insurance policy, Soloy's counsel and the insurer for Soloy having paid or are about to pay the Soloy policy limits in a form of a lump sum check payable (upon information and belief) to Ms. Knutson in trust for Mr. Horvath, as of Friday afternoon March 11, 2022, the payment

---

[1] See the signed Release, Exhibit A, filed under seal with the underlying Motion to Reserve Settlement Funds, page 1, paragraphs 1(a) and 1(b), top page 2.

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Declaration of Timothy J. Lamb**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____      Page 3 of 5

had not yet occurred.

11. During a telephone conversation I had with Tracey Knutson on Thursday, March 10, 2022, it became apparent that she intends to file suit for Mr. Horvath against TML. She claimed Mr. Horvath's claims against TML and Soloy combined were significant and greatly in excess of the amount of the Soloy insurance available to pay Mr. Horvath. She requested TML contribute to a settlement, and then at the end of the conversation, to my surprise, indicated she had already received full policy limits from Soloy's insurer, National Insurance. That fact was subsequently checked with National Insurance Company's attorney, Andrew Houghton, who emailed me at 3:34 p.m. Friday March 11, 2022 and stated that payment had not yet been made (as described above) and would not be made until the original release signed by Mr. Horvath was provided to National Union Insurance counsel.

12. From an email to me sent at 3:34 p.m. ADT Friday, March 11, 2022, from Andrew Houghton, counsel for National Insurance – the insurer for Soloy, it is apparent that as soon as the original release from the Czech Republic signed by Mr. Horvath is received in Anchorage (or possibly by counsel for Soloy), the Soloy insurance policy limits monetary proceeds will be released to Attorney Tracey Knutson (and most likely placed in her trust account). The exact date Ms. Knutson will transfer to Mr. Horvath the amount remaining after she subtracts her costs and her attorney's fees, is unknown. The transfer is obviously imminent, hence the reason for the request this Motion be decided expeditiously.

13. Due to Mr. Horvath's domicile and residency in the Czech Republic, an

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Declaration of Timothy J. Lamb**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____  Page 4 of 5

Eastern European Nation, once the funds are "cleared" in Ms. Knutson's trust account and the two-thirds (or whatever portion of the settlement funds belong to Mr. Horvath) are transferred to Mr. Horvath in the Czech Republic, it will be beyond the reach of Alaska U.S. District Courts, to use as funds to pay part of TML's FRCP 82 and 79 attorney's fees and costs, after motion work and after resolution (whether TML prevails on the Motion for Summary Judgment it intends to initially file based upon the Release and Waiver of Liability signed by Mr. Horvath before embarking on the helicopter ski trip, or after trial, if the motion for summary judgment is denied and Ms. Knutson follows up on her threats to sue TML for actions of it and its employees which she claims were not covered by the settlement with Soloy's insurer for TML (for "helicopter operations"), for which the large lump sum settlement amount is about to be received by her once the Release signed by Mr. Horvath is received back in the United States and exchanged for the settlement check/payment.[2]

DATED this 1st day of March, 2022 at Anchorage, Alaska.

DELANEY WILES, INC.
Attorneys for Petitioners

*Tim Lamb*

Timothy J. Lamb
Alaska Bar Association No. 8409080

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of the foregoing was ☐ mailed ☐ hand-delivered ☐ faxed ☒ emailed on the 16 day of March 2022 to the following:

Tracey Knutson (tracey.knutsonlaw@alaska.net)
Knutson & Associates
PO Box 3504
Homer, Alaska 99603

*Angela R. Bell*

Angela R. Bell 4861-9538-5109, v. 1

---

[2] See Motion to Reserve Settlement Funds at page 7.

**Declaration of Timothy J. Lamb**
*Trimvirate LLC vs. Horvath*, Case No. 3:22-cv-_____  Page 5 of 5

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331