IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRIUMVIRATE, LLC, d/b/a TORDRILLO MOUNTAIN LODGE,<br><br>Petitioner,<br><br>vs.<br><br>DAVID HORVATH; and TRACEY KNUTSON, in her official capacity as Mr. Horvath's attorney of record,<br><br>Respondents. | Case No. 3:22-cv-00061-JMK<br><br>**ORDER GRANTING MOTION TO VACATE** |

At Docket 13, David Horvath and Tracy Knutson ("Respondents") move the Court to vacate its March 18, 2022, Order requiring Mr. Horvath's attorney to maintain $175,000 of settlement funds in a trust account. Mr. Horvath and Ms. Knutson then notified the Court that Petitioner had not filed a timely opposition at Docket 16. At Docket 17, Petitioner Triumvirate LLC ("TML" Or "Petitioner") submitted an untimely opposition.

For reasons set forth below, Respondent's *Motion to Vacate* is **GRANTED**.

## I. BACKGROUND

Petitioner Triumvirate LLC ("TML") is an Alaska limited liability company that owns and operates Tordrillo Mountain Lodge.[1] Mr. Horvath is a citizen of the Czechoslovakian Republic.[2] On March 27, 2021, Mr. Horvath and others contracted with TML for a guided heliskiing trip on the Knik Glacier in Palmer, Alaska.[3] During this trip, the Soloy Helicopters, LLC ("Soloy") helicopter transporting the group crashed, causing Mr. Horvath to suffer physical injuries and alleged emotional distress.[4]

Mr. Horvath entered into a settlement agreement with Soloy prior to litigation on February 15, 2022.[5] The settlement agreement did not fully release Mr. Horvath's claims against TML.[6] Instead, the agreement released claims for "TML's selection, chartering, use, operation, rental, service, maintenance, or entrust to others of the Helicopter."[7] It preserved some claims against TML.[8]

TML initiated this case and moved to reserve settlement funds while Mr. Horvath remaining claims as TML are pending.[9] TML argued that it was appropriate to reserve settlement funds to ensure payment of attorney's fees and costs following a potential trial involving Mr. Horvath and TML as to the claims for injuries caused by the

---

[1] Docket 5 at ¶ 3.
[2] *Id.* at ¶ 5.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶¶ 4–6.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 9.
[7] *Id.*
[8] *See* Docket 3-1 (SEALED) at 1–2.
[9] Docket 1.

*Triumvirate, LLC v. Horvath et al.*  Case No. 3:22-cv-00061-JMK
Order Granting Motion to Vacate  Page 2
Case 3:22-cv-00061-JMK   Document 19   Filed 12/01/23   Page 2 of 6

delay in initiating rescue.[10] TML pointed to two appeals decided by the Alaska Supreme Court, the first of which found that a trial court had erred by approving the distribution of settlement funds and the second of which affirmed the reservation of settlement funds for non-settling defendants' potential attorney's fees.[11]

This Court ordered Mr. Horvath's counsel to retain $175,000 of the Soloy settlement funds in a trust account.[12]

On March 23, 2023, Mr. Horvath filed suit against TML, among others, in state court.[13] Trial in the state court case is currently scheduled for March 3, 2025.[14]

## II. DISCUSSION

Respondents now move the Court to vacate its prior order, allow the disbursement of settlement funds, and to dismiss this case.[15] They argue that this Court lacks subject matter jurisdiction because no case or controversy involving the parties exists.[16]

Petitioner responds, arguing that the underlying need to freeze the funds has not changed because Mr. Horvath filed a suit in state court.[17] They also ask that the Court accept their late-filed opposition under Federal Rule of Civil Procedure 6(b)(1)(B) and

---

[10] *Id.*
[11] *Id.* at 5–6 (first citing *In re Soldotna Air Crash Litigation*, 835 P.2d 1215 (Alaska 1992), then citing *Doan v. Banner Health*, 485 P.3d 537 (Alaska 2021)).
[12] Docket 12.
[13] *Horvath v. Triumvirate, LLC et al.*, No. 3AN-23-05352CI (Alaska Sup. Ct. March 23, 2023).
[14] *See* Docket 17-1.
[15] Docket 13.
[16] *Id.* at 3–7.
[17] Docket 17 at 3.

argue that there is excusable neglect in this case due to extenuating personal circumstances.[18]

Although the Court is sympathetic to the personal circumstances that caused delay, the Court declines to accept the late-filed opposition as it does not comply with the Local Rules. Local Rule 7.3(j) requires a party obtain leave of court before filing a document after the time for filing has lapsed.[19] Furthermore, leave of court must be obtained by a motion that contains specific information and is accompanied by an appropriate affidavit or declaration.[20] Regardless, even if the Court accepted TML's late-filed opposition, it would not change the outcome of Respondents' motion.

There is a fundamental problem in this matter: there is no underlying case or controversy that allowed this Court to grant equitable relief. Indeed, TML did not even file a complaint in this case.[21] Accordingly, the Court vacates its March 18, 2022, Order and dismisses this case.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"[22] "The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process."[23] To establish Article III standing, the party invoking federal

---

[18] *Id.* at 2–8.
[19] Local Rule 7.3(j)(1) ("A document may be filed after the time for filing has lapsed only by leave of the court.").
[20] Local Rule 7.3(j)(2)–(4).
[21] *See* Docket 1 (Motion to Reserve Settlement Funds).
[22] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (citing U.S. Const., art. III, § 2).
[23] *Id.* (internal citations omitted).

jurisdiction must show (1) "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) that it is "likely" that the injury "will be redressed by a favorable decision."[24] A plaintiff's injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[25]

Furthermore, civil actions in federal court must be commenced by a complaint.[26] In the absence of a complaint, the court lacks authority to issue injunctive relief as "[a] court's equitable power lies only over the merits of the case or controversy before it."[27]

Here, the Petitioner sought to commence this action and invoke the federal court's equitable power by filing a motion.[28] The Court allowed the matter to proceed and ruled on the motion. To do so was error. Not only was this civil action improperly commenced under the Federal Rules of Civil Procedure, but TML did not establish that this Court had subject matter jurisdiction. Nor could it have.

TML's motion sought an order that would require Mr. Horvath and his attorney to maintain a trust account with certain funds in it pending the outcome of a suit that had not yet been filed. At the time the motion was filed, TML lacked standing, as it had not demonstrated that it suffered any concrete injury that was actual or imminent. An "interest in attorney's fees is, of course, insufficient to create an Article III case or

---

[24] *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560–61 (1992).
[25] *Id.* at 560 (internal citations omitted).
[26] Fed. R. Civ. P. 3.
[27] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).
[28] Docket 1.

*Triumvirate, LLC v. Horvath et al.*   Case No. 3:22-cv-00061-JMK
Order Granting Motion to Vacate   Page 5
Case 3:22-cv-00061-JMK   Document 19   Filed 12/01/23   Page 5 of 6

controversy where none exists on the merits of the underlying claim."[29] Here, there was no underlying claim at all, only an interest in preserving a portion of Mr. Horvath's settlement in case attorney's fees were warranted at the end of the then-unfiled case.

Since the Court issued its order, Mr. Horvath has filed a suit against TML and others. But that does not change this Court's jurisdictional analysis. There remains no complaint. And there is no underlying dispute before this Court. The parties' dispute is currently being litigated in Alaska state court. Absent a case or controversy before it, this Court cannot exercise its equitable power.[30] Accordingly, the *Motion to Vacate* is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Respondents' *Motion to Vacate* is **GRANTED**. The Court's March 18, 2022, Order Granting Motion to Reserve Settlement Funds is **VACATED**. This case is **DISMISSED**.

IT IS SO ORDERED this 1st day of December, 2023, at Anchorage, Alaska.

                                                                                                                         */s/ Joshua M. Kindred*
                                                                                                        JOSHUA M. KINDRED
                                                                                 United States District Judge

---

[29] *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).
[30] *See Pac. Radiation Oncology, LLC*, 810 F.3d at 633.